IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **MARILAND D. JACKSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:23-cv-34 |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **CARDINAL HEALTH, INC.,** | § | |
| **CARDINAL HEALTH 200, LLC, AND** | § | |
| **CARDINAL HEALTH 5, LLC** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mariland D. Jackson hereby files this, her Original Complaint, against Defendants Cardinal Health, Inc., Cardinal Health 200, LLC and Cardinal Health 5, LLC for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mariland D. Jackson (hereinafter "Plaintiff" or "Jackson") is currently a citizen and resident of Tyler, Texas.

2. Defendant Cardinal Health, Inc. ("Cardinal Health") is an Ohio Corporation with its principal place of business in Dublin, Ohio. Cardinal Health operates a facility at 200 McKnight St, Jacksonville, TX 75766.

3. Cardinal Health is engaging in business in the State of Texas and may be served through its registered agent for service of process, CT Corporation System, 4400 Easton Commons, Suite 125, Columbus, OH 43219.

4. Cardinal Health has elected to do business in Texas under separate entities. Plaintiff

alleges that Cardinal Health 200 LLC and Cardinal Health 5 LLC are domiciled in the State of Texas and are proper parties who may be sued under their assumed or common name for enforcing for or against it a substantive right. Cardinal Health 200, LLC and Cardinal Health 5, LLC may be served through their registered agent in the State of Texas, Ct Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

6. Most of the acts alleged herein occurred in Cherokee County, Texas.

7. Plaintiff filed a Charge of Discrimination with the EEOC on or about May 6, 2022 alleging discrimination on the basis of an actual or perceived disability in violation of the Americans with Disabilities Act. More than 180 days have passed since she filed her Charge of Discrimination and a right to sue letter has been requested by Plaintiff.

## II.     FACTUAL BACKGROUND

8. Plaintiff  Jackson was employed by Cardinal Health in Jacksonville, Texas from March 28, 2016 until she was terminated on January 26, 2022.

9. Jackson applied for and received leave under the FMLA due to multiple conditions including diabetes, high blood pressure, arthritis and a back injury. Jackson's leave began August 1, 2021. Jackson was approved for FMLA from August to September.

10. In the meantime, Jackson sought medical treatment with her cardiologist who prescribed a procedure which was initially denied by her health insurance.  While waiting on approval of the procedure, Jackson's leave was extended to October 24, 2021, and later to December 6, 2021.

11. Jackson was scheduled to have the procedure done on January 19, 2022.  Jackson sent her medical paperwork in to Cardinal Health and called her supervisor to let her know that

she would return to work on January 24, 2022.

12. On January 23, 2022 at 5:30 a.m., Jackson's supervisor texted and stated that Cardinal Health required more paperwork from the doctor before she could return to work. On January 26, 2022, Jackson received a termination letter from Cardinal Health which falsely stated that her leave was 'indefinite' when it had failed to request and/or obtain the latest information from Jackson's healthcare providers. The termination also stated that there was no accommodation possible for Jackson's medical condition.

13. Prior to Plaintiff's termination by Defendant, she had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

14. Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

15. Plaintiff had not taken twelve (12) weeks of off work for a serious health condition, or otherwise, during the twelve-month period prior to the onset of her serious health condition.

### III.   CAUSES OF ACTION

### A.   AMERICANS WITH DISABILITIES ACT

16. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 15 as if fully stated herein.

17. At all times relevant to her claims, Jackson has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has physical impairments that substantially limits one or more of her major life activities, has a record of such an impairment, and/or was regarded by the Defendants as having such impairments.

18. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a

disability who, with reasonable accommodation, can perform the essential functions of her job.

19. Cardinal Health terminated Plaintiff because of her actual or perceived disabilities in violation of the ADA.

20. The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her employment status as an individual with a disability within the meaning of the ADA.

21. The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

22. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

### B. FAMILY MEDICAL LEAVE ACT VIOLATION

23. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein.

24. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

25. Defendants are each an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

26. During the time that Plaintiff was employed by Defendants, in 2022, she was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

27. While Plaintiff was employed by Defendants, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

28. Plaintiff was entitled to medical leave for her own serious health condition as provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

29. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendants terminated Plaintiff's employment for taking this medical leave.

30. Defendants did not properly request additional information or a proper certification from the employee for her FMLA qualifying leave nor did Defendant provide Plaintiff with an adequate written warning or sufficient time to provide additional documentation, which violates the protections of the FMLA as outlined in 29 C.F.R. § 825.208(a)(2) and 29 U.S.C. § 2613.

31. Alternatively, Defendants retaliated against Jackson by reason of her exercise of her rights under the FMLA.

## DAMAGES

32. As a result of Defendant's violations of the ADA and FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

33. As a result of this willful violation of the ADA and FMLA, Plaintiff requests that she be awarded all damages, to which she is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.

34. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which she is entitled.

35. Plaintiff also requests reasonable attorney's fees and court costs.

### IV.   JURY DEMAND

36. Plaintiff requests trial by jury on all claims.

## V.     PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants as follows:

a. Judgment against Defendants for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendants for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violation of the FMLA;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

f. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF